IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| BRUCE A. ROATH, Register No. 186796, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-4243-CV-C-NKL |
| ) | |
| FRANK JUNG, ) | |
| ) | |
| Defendant. ) | |

**REPORT, RECOMMENDATION AND ORDER**

     Plaintiff Bruce A. Roath, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1. Named as sole defendant is Frank Jung, Missouri Assistant Attorney General.

     In support of his claims for relief, plaintiff asserts defendant committed fraud upon the federal courts, causing the federal habeas judge to deny plaintiff's request for habeas relief. Plaintiff seeks immediate release from prison and compensatory damages.

     Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Having reviewed plaintiff's inmate account information, the court will grant him provisional leave to proceed in forma pauperis. However, pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff's claims should be dismissed because judgment in favor of plaintiff would "necessarily imply the invalidity of his conviction or sentence." Heck v. Humphrey, 512 U.S. 477, 487 (1994); Simmons v. O'Brien, 77 F.3d 1093 (8th Cir. 1996). When a prisoner seeks damages for an illegal conviction, imprisonment, or other act that would "necessarily" render his conviction or sentence invalid, the prisoner must first prove the conviction or sentence has been invalidated through appropriate channels. Heck, 512 U.S. at 486-87. Plaintiff's first cause of action is not ripe until his underlying conviction or sentence has been set aside.

To challenge his state conviction or sentence in federal court, plaintiff must petition for a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 501 (1973). Before seeking federal habeas relief, plaintiff must exhaust all adequate and available state court remedies. 28 U.S.C. § 2254(b)(c); Rose v. Lundy, 455 U.S. 509, 520 (1982); Powell v. Wyrick, 657 F.2d 222 (8th Cir. 1981). The state courts must have an opportunity to review the merits of plaintiff's contentions and must be given primary responsibility in their own criminal cases. Fay v. Noia, 372 U.S. 391 (1963); Tyler v. Swenson, 527 F.2d 877 (8th Cir. 1976).

Plaintiff's claims should be dismissed, without prejudice. Schafer v. Moore, 46 F.3d 43 (8th Cir. 1995). If plaintiff is able to invalidate his conviction or sentence, he may refile his section 1983 claims at that time.

Morever, plaintiff's claims are subject to dismissal, pursuant to 28 U.S.C. § 1915(g). Plaintiff is a frequent filer of prisoner complaints and has had three or more complaints and/or portions of his complaint dismissed as frivolous, malicious or for failure to state a claim on which relief may be granted and, therefore, must either pay the filing fee in full or show that he is in imminent danger of serious physical injury in order to proceed with his claims. See Roath v. Jung, No. 06-0423 (E.D. Mo. 2006) (dismissed as legally frivolous or for failure to state a claim upon which relief may be granted or both); Roath v. Bartlett, No. 95-1204 (W.D. Mo. 1996) (legally frivolous); Roath v. Nation, No. 94-1068 (W.D. Mo. 1994) (legally frivolous); Roath v. Hunt, No. 94-0735 (W.D. Mo. 1994) (legally frivolous). Plaintiff's instant claims fail to allege that he faces "imminent danger of serious physical injury." Nevertheless, because plaintiff's claims are subject to dismissal on the merits, the court will not make a recommendation of dismissal, pursuant to the three-strikes provision of section 1915(g).

Plaintiff also filed a motion for preliminary injunctive relief, seeking immediate release from confinement. In light of this court's recommendation to dismiss plaintiff's complaint, his request for preliminary injunctive relief should be denied.

Plaintiff has filed a motion for appointment of counsel. It is the practice of this court not to appoint counsel for plaintiffs until in forma pauperis status has been granted. Then, counsel is appointed only when, in the court's discretion, it is appropriate.

Plaintiff also seeks entry of default judgment, pursuant to Fed. R. Civ. P. 55. Plaintiff has not obtained service of process on defendants or waiver of service of process. Accordingly, plaintiff's motion is premature.

Plaintiff's motion seeking a copy of his original 5-page complaint will be granted on this one occasion for cause shown.

IT IS, THEREFORE, ORDERED that plaintiff is granted provisional leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, on the basis of indigence [2]. It is further

ORDERED that the Clerk of Court send to plaintiff a copy of his original complaint [4]. It is further

ORDERED that plaintiff's motions for default judgment are denied as premature [6, 7]. It is further

ORDERED that plaintiff's motion for appointment of counsel is denied, without prejudice [2]. It is further

RECOMMENDED that plaintiff's claims be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted. It is further

RECOMMENDED that plaintiff's motion for preliminary injunctive relief, seeking immediate release from confinement, be denied [11].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time

to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

As previously stated, the court has granted plaintiff leave to proceed in forma pauperis on a provisional basis. By doing so, the court has foregone collection of the $350.00 filing fee established for civil cases. Plaintiff is now warned that the court will attempt collection of the entire $350.00 filing fee if plaintiff files another pleading of any type whatsoever in this case. See 28 U.S.C. § 1915(b)(2) (provisions for deducting money from prisoner's account). Under section 1915(b), installment payments are permitted after the assessment and payment of an initial partial filing fee.

Dated this 7th day of December, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge