**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

BRUCE A. ROATH, Register No. 186796,    )
          )
          Plaintiff,    )
          )
          v.    )      No. 06-4243-CV-C-NKL
          )
FRANK JUNG,    )
          )
          Defendant.    )

### ORDER

On December 7, 2006, the United States Magistrate Judge recommended dismissing plaintiff's claims. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including plaintiff's exceptions filed on December 18, 2006. The issues raised in his exceptions were adequately addressed in the report and recommendation. Plaintiff is attempting to obtain release from custody and damages by claiming a fraud was committed on the court during his habeas corpus proceedings. That issue should be raised with the court in that case, or on appeal of that case. Likewise, plaintiff's motion to treat this complaint as a Rule 60(b)(3) motion misinterprets Rule 60. His motion should be filed in the case where the fraud or misrepresentation occurred. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

On January 4, 2007, plaintiff filed a motion in this case for habeas corpus relief under 28 U.S.C. § 2241, and he listed Mike Kemna, et al., in the caption. That motion should be treated as a separate case and opened as such.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $455.00 appellate filing fee, regardless of the outcome of the appeal. Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

On December 7, 2006, the court granted plaintiff leave to proceed in forma pauperis on a provisional basis, and by doing so, the court determined to forego the collection of the $350.00 filing fee established for civil cases. Plaintiff was warned that the court would collect the entire $350.00 filing fee if he filed another pleading in this case. See 28 U.S.C. § 1915(b)(2) (provisions for deducting money from prisoner's account). A review of plaintiff's financial documentation indicates that he is capable of paying an initial partial filing fee of $1.47.

IT IS, THEREFORE, ORDERED that plaintiff's initial partial filing fee is calculated at $1.47 and the Missouri Department of Corrections is directed to deduct from plaintiff's inmate account, and forward to the court, the initial partial filing fee and installment payments, in accord with the provisions of 28 U.S.C. § 1915, until the $350.00 filing fee is paid in full. It is further

ORDERED that the Magistrate Judge's December 7, 2006 Report and Recommendation is adopted. [13] It is further

ORDERED that plaintiff's claims are dismissed, without prejudice, pursuant to the provisions of 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted. It is further

ORDERED that the clerk of court copy documents numbered 19 and 20 and file them in a new case brought under 28 U.S.C. § 2241. It is further

ORDERED that documents numbered 19 and 20, when treated as motions in this case, are denied, without prejudice. [19, 20] It is further

ORDERED that plaintiff's motion to treat the complaint in this case as a Rule 60(b) motion or an independent action in equity and his December 28, 2006 motion for leave to proceed in forma pauperis are denied. [17, 18] It is further

ORDERED that his motions for a declaratory judgment and immediate release are denied. [11, 12, 14]

/s/

NANETTE K. LAUGHREY
United States District Judge

Dated: January 22, 2007
Jefferson City, Missouri

2